**WO**                                                                                                           SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas R. Phillips,<br><br>      Plaintiff,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>      Defendants. | No. CV 07-764-PHX-MHM (HCE)<br><br>**ORDER** |

Plaintiff Thomas R. Phillips, who was formerly in the custody of the Arizona Department of Corrections (ADC), filed this civil rights action against various ADC officials. Defendants move to dismiss on the ground that Plaintiff did not exhaust prison administrative remedies before filing this lawsuit. (Doc. #18). They also request attorney's fees. The motion is fully briefed. (Doc. ##23, 24).

The Court will grant the motion to dismiss and deny the request for attorney's fees.

**I.      Background**

In his Amended Complaint, Plaintiff alleged that the conditions of his confinement violated the Eighth Amendment. (Doc. #5). Specifically, Plaintiff stated that he was forced to sleep on a mattress on the floor because he was housed with two other inmates in a cell designed to hold only two inmates. In addition, Plaintiff stated that the mattress was unsanitary and quickly became infected with "silver fish" insects, that he was urinated on by the other inmates because his mattress was on the floor, and that the ventilation system

constantly re-circulated dust around the floor. Plaintiff claimed that as a result of these conditions he developed skin irritations (bumps and rashes), and experienced headaches and "draining" eyes. Plaintiff also claimed that he raised these issues to each of the named Defendants, but that nothing was done to remedy the situation. The Court ordered Defendants to answer the Amended Complaint. (Doc. #6).

**II.     Motion to Dismiss for Failure to Exhaust**

### 1.     Legal Standard

Plaintiff must first exhaust "available" administrative remedies before bringing an action challenging the conditions of his confinement. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007). Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (citation omitted).

### 2.     Parties' Contentions

Defendants assert that Plaintiff did not properly exhaust his administrative remedies because he filed this lawsuit on April 11, 2007, which was before he completed the administrative appeal process. (Doc. # 18 at 2). In support of their motion, Defendants submit the affidavit of Aurora Aguilar, ADC Hearing Officer (id., Ex. A, Aguilar Aff. ¶ 1);

various inmate grievance documents and responses (id., Attach. 1); and ADC Department Order (DO) 802, Inmate Grievance System, which establishes the procedures for the inmate administrative grievance process (id., Ex. B).

The DO provides a four-step grievance process, which is generally as follows: (1) an inmate must submit an inmate letter to his assigned Correctional Officer (C.O.) III, attempting to informally resolve a complaint within 10 days after becoming aware of a problem; (2) if the inmate is not satisfied with the response, he may file a formal grievance to the Grievance Coordinator within 10 calendar days of receipt of the response to the inmate letter; (3) if the inmate is not satisfied with that response, he may file a grievance appeal to a higher official—the Deputy Warden or Warden—within 10 calendar days of the receipt of the Coordinator's response; and (4) if the inmate is not satisfied with the response to his grievance appeal, he may appeal to the ADC Director within 10 calendar days of receipt of the response from the Warden or Deputy Warden. The Director has 30 days from receipt to respond to an appeal. (Id., Ex. B).

Defendants argue that Plaintiff filed his Complaint on April 11, 2007, but did not file his Director's Appeal until April 17, 2007. (Doc. #18 at 6; Attach. 1 at 8.) They assert that the PLRA requires full exhaustion of administrative remedies before filing a § 1983 complaint. (Doc. #18 at 4-5). Plaintiff concedes that he filed this lawsuit before he got the final response from the Director but asserts that he did so out of ignorance. (Doc. #23 at 2). In their Reply, Defendants argue that because Plaintiff concedes failure to exhaust before filing and he claims no exception to the PLRA exhaustion rule, the Court must grant their motion to dismiss. (Doc. #24 at 1).

**C.     Analysis**

Defendants have met their burden to demonstrate Plaintiff's failure to exhaust administrative remedies as required by the PLRA. The PLRA mandates that an inmate exhaust remedies *before* filing a lawsuit; exhausting remedies during the course of the lawsuit does not comply with the requirement. McKinney v. Carey, 311 F.3d 1198, 1120-21 (9th Cir. 2002). The statute itself states that "[n]o action shall be brought . . . until [the

1 prisoner's] administrative remedies . . . are exhausted." 42 U.S.C. § 1997e(a). In addition,
2 requiring dismissal where the inmate fails to exhaust before filing provides a strong incentive
3 that will promote the Congressional objectives behind the exhaustion requirement—affording
4 officials time and opportunity to address complaints internally, filtering out frivolous claims,
5 and development of an administrative record. McKinney, 311 F.3d at 1200-01. See also
6 Holcomb v. Fleeman, 2007 WL 3231588, at *2 (E.D. Cal. 2007) (inmate's concession that
7 he did not obtain a Director's level decision until after the lawsuit was filed "is fatal to his
8 action") (citing Woodford, 126 S. Ct. at 2383; McKinney, 311 F.3d at 1199-1201).

9 Accordingly, the Court will grant Defendant's motion and dismiss Plaintiff's claim
10 without prejudice.

11 **III.    Request for Attorney's Fees**

12 A prevailing defendant is awarded attorney's fees under 42 U.S.C. § 1988 only where
13 the action is found to be "unreasonable, frivolous, meritless or vexatious." Legal Services
14 of Northern Calif., Inc. v. Arnett, 114 F.3d 135, 141 (9th Cir. 1997) (quoting Vernon v. City
15 of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994)). This standard is applied with particular
16 strictness where plaintiff proceeds *pro se.* Miller v. Los Angeles, 827 F.2d 617, 620 (9th Cir.
17 1987) (citing Hughes v. Rowe, 449 U.S. 5, 15-16 (1980)); see also DeNardo v. Johnstone,
18 772 F. Supp. 462, 465 (D. Alaska 1991) (before awarding fees to a defendant where the
19 plaintiff appears *pro se*, the court should be able to find that the plaintiff knew or should have
20 known that his case was without merit). A court cannot assume that a *pro se* plaintiff has the
21 same ability as one represented by counsel to recognize objective merit or lack thereof.
22 Miller, 827 F. 2d at 620. But, for example, if the *pro se* plaintiff makes repeated attempts to
23 bring a claim that has been previously found frivolous, an award to defendants may be
24 appropriate. Id.

25 Here, Defendants contend that Plaintiff misrepresented that he appealed requests for
26 administrative relief to the highest level. (Doc. #18 at 7). Defendants argue that
27 misrepresentation was a factor that the Court considered in permitting this case to go forward
28 *in forma pauperis* under 42 U.S.C. § 1915A(a). (Id.) However, because exhaustion is an

1  affirmative defense, the representation had no bearing on the Court's determination to send
2  this case forward. See Jones, 127 S. Ct. at 919-21. And while it is true that Plaintiff appears
3  to have misrepresented that he appealed requests for administrative relief to the highest level,
4  it is not clear that he was aware of the significance of this issue, and there is no evidence that
5  he made repeated attempts to litigate without exhausting his remedies. The Court, therefore,
6  declines to award Defendants attorney's fees.

**IT IS ORDERED:**

(1) Defendants' Motion to Dismiss (Doc. #18) is **granted.**

(2) Plaintiff's claims are dismissed without prejudice.

(3) Defendants' request for attorney's fees (contained in Doc. #18) is **denied**.

(4) This action is terminated, and the Clerk of Court must enter judgment accordingly.

DATED this 26th day of June, 2008.

Mary H. Murgula
United States District Judge